(C. D. 287)

GOLDING BROS. CO., INC. v. UNITED STATES

United States Customs Court, Third Division

(Decided February 26, 1940)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover additional duty assessed at the rate of 10 per centum ad valorem under the provisions of section 304 (b) of the Tariff Act of 1930 on the ground that imported merchandise was found not to be legally marked at the time of importation.

The record shows that the merchandise upon which the additional duty was assessed consists of textile fabrics wrapped in paper and packed in burlap bales; that the goods were imported from Belgium; that the merchandise was marked with the words "Belgian Make" when imported; that neither the wrapping-paper coverings of the goods nor the burlap bales in which they were packed contained any marking to show the country of origin and the collector required that they be marked with the word "Belgium" before they were released.

The plaintiff contends that the marking on the merchandise was sufficient, and that, under the rule of decision announced in *Kraft Phenix Cheese Corp.* v. *United States*, 22 C. C. P. A. 111, T. D. 47103, the additional duty should not have been assessed upon the ground that the containers were not marked. In that case the court held that if either the imported article or the immediate container thereof was legally marked at the time of importation the additional duty provided for in section 304 (b) of the Tariff Act of 1930 should not be assessed. Therefore the only question open for discussion is whether the marking "Belgian Make" on the fabrics in this case is sufficient to indicate the country of origin thereof.

In section 304 of the Tariff Act of 1930, Congress granted the Secretary of the Treasury specific authority to make regulations for the enforcement of the statute, and, under the authority of that provision, article 509 (*b*) of the Customs Regulations of 1931 was promulgated, naming a number of cities and provinces which could be accepted by customs officers as a proper marking on imported merchandise in the absence of the name of the country of origin. We note that subsequently a number of amendments to this section were published in the TREASURY DECISIONS, namely T. D. 46865, T. D. 46978, T. D. 47007, and T. D. 47687. The last amendment above cited, which was in force at the time of the importation of the goods herein involved, is applicable to the marking on the merchandise in this case. The amendment published in T. D. 47687 reads as follows:

The adjectival form of the name of a country is acceptable as a proper indication of the origin of imported merchandise, provided the word does not appear with other words so as to refer to a kind or species of product, such terms as "English walnuts," "Brazil nuts," etc., being unacceptable, and provided also that the marking at the time of importation meets the requirements of legibility, conspicuousness and permanency.

A reasonable regulation promulgated under specific authority prescribed in the statute has the same force and effect as if it were written into the law. *Gallagher & Ascher* v. *United States,* 14 Ct. Cust. Appls. 38, T. D. 41548; *Penick & Ford (Ltd., Inc.)* v. *United States,* 12 Ct. Cust. Appls. 432, T. D. 40611; *Gump Co.* v. *United States,* 3 Ct. Cust. Appls. 137, T. D. 32384.

Since the above-quoted regulation has been in force, this court has held that the following markings were sufficient: "Cuban Products," *J. Hamburger Co.* v. *United States,* Abstract 32338; "Italian produce," *Strohmeyer & Arpe Co.* v. *United States,* Abstract 34308; "English Manufacture," *Iscow Paperware Co.* v. *United States,* Abstract 36076; "Swiss Made," *Abercrombie & Fitch Co.* v. *United States,* Abstract 36598.

The adjective "Belgian" is an English word. It is defined in Webster's New International Dictionary as meaning "Of or pertaining to Belgium."

Since the words "Belgian Make" on the textiles involved in this case do not refer to a kind or species of product, such as is described in the amended regulation as not acceptable, we are of opinion that the marking on the merchandise is the kind that is contemplated by the regulation and that the fabrics were legally marked. The immediate containers were not marked, but inasmuch as the fabrics were legally marked we hold that, under the ruling in *Kraft Phenix Cheese Corp.* v. *United States, supra,* the collector erred in assessing additional duty on the merchandise at the rate of 10 per centum ad valorem under section 304 (b) of the Tariff Act of 1930. The protest is sustained. Judgment will be entered in favor of the plaintiff.